## Amos G. Jewett *vs.* Joseph Foster.

A deed conveying, besides other lands, " one acre of woodland, lying in common with my other woodland at R.; the above all lying in common and undivided," gives the grantee an estate in common in the woodland in such proportion as one acre bears to the remaining woodland of the grantor.

Under an answer in trespass *quare clausum fregit*, justifying under a third person as the owner of the land, the defendant may show an estate in common in such third person.

Action of tort for breaking and entering the plaintiff's close in Rowley, and cutting and carrying away wood therefrom. The answer denied the breaking and entering the plaintiff's close, and the plaintiff's title; and averred " that Polly Chaplin is the owner of one acre of woodland, a part of the land included in the description given in the plaintiff's declaration; and that by the license and direction of the said Polly Chaplin the defendant entered upon said acre of land and cut off a quantity of wood, but that he cut none from the adjoining land of the plaintiff."

At the trial in the superior court in Essex at September term 1859, before *Morton*, J., the plaintiff gave in evidence a deed from Joseph Chaplin to Nathan Hobson, dated June 9th 1820 conveying " a certain wood lot at Rabbit Hill, so called, in Rowley, containing two acres, be the same more or less," and described by metes and bounds; and proved mesne conveyances from Hobson to himself, and possession and occupation of the premises by the several grantees to the time of the alleged trespass.

The defendant, to prove the title of Polly Chaplin, under whom he justified, offered in evidence a deed from Joseph Chaplin to Ruth Chaplin, dated March 27th 1819, conveying, besides other lands, " one acre of woodland lying in common with my other woodland at Rabbit Hill, so called, referring to my deed of said woodland for the boundaries ; the above all lying in common and undivided ; " and a simultaneous deed of the same premises from Ruth Chaplin to Polly Chaplin, the wife of Joseph. The boundaries referred to included the *locus.*

The plaintiff contended that the deed from Joseph to Ruth, so far as the *locus* was concerned, was void for uncertainty, and that the deed from Ruth to Polly was void. But the judge ruled that these deeds made Polly a tenant in common with Joseph ; and permitted the defendant (although the plaintiff objected that this defence was not open under the answer) to rely on a right as agent of Polly Chaplin to enter and cut wood from the premises. A verdict was taken for the defendant, and the plaintiff alleged exceptions.

*D. Saunders, Jr.* for the plaintiff, cited *Worthington* v. *Hylyer,* 4 Mass. 196 ; *Hill* v. *Mowry,* 6 Gray, 551 ; *Harvey* v. *Mitchell,* 11 Foster, 575 ; *Stone* v. *Clark,* 1 Met. 378 ; *Kellogg* v. *Smith,* 7 Cush. 375 ; *Phillips* v. *Tudor,* 10 Gray, .

*S. B. Ives, Jr.* for the defendant, cited *Sumner* v. *Conant,* 10 Verm. 9 ; *Adams* v. *Frothingham,* 3 Mass. 352 ; *Walker* v. *Dewing,* 8 Pick. 520 ; *Canning* v. *Pinkham,* 1 N. H. 353 ; *Haven* v. *Cram,* 1 N. H. 93.

Bigelow, J. The description in the deeds, under which Polly Chaplin claims title to the premises in controversy, clearly conveyed an estate in common. The grantor distinctly declares it to be " one acre of woodland lying in common with my other woodland," and adds, by way of greater certainty, at the end of the description as applicable to all the parcels conveyed by the deed, the words " the above all lying in common and undivided." This language clearly imports an intent to convey only an undivided interest. There is certainly nothing in the deed from which it can be inferred that the grantor intended to sever one acre from the residue of the lot. On the contrary, there are

no boundaries, monuments or lines given, by which an estate in severalty could be ascertained and designated out of the grant.

Nor is there any uncertainty as to the quantity or proportion of the woodland which was conveyed in common. By a grant of one acre lying in common and undivided, out of a larger parcel, the grantee takes that proportion which one acre bears to the whole parcel owned by the grantor. In the present case, if the woodland described in the deed consisted of six acres, Polly Chaplin became entitled by the grant to one undivided sixth part thereof. This case is widely different from *Phillips* v. *Tudor*, 10 Gray,     . That was a case of a conveyance, by a tenant in common, of a certain quantity of the common estate, without any words indicating an intent to convey an undivided interest. It was a conveyance in severalty by a tenant in common; not, as in the present case, a conveyance, by the owner of an entire lot, of an aliquot portion of the estate.

The defendant was entitled to rely on the title of Polly Chaplin under his answer. He was not bound to set out the nature or extent of his title. It was sufficient for him to justify his entry by stating that he acted under her authority, by virtue of a title in her as owner of the premises or some part thereof.

*Exceptions overruled.*